## McHenry. *v.* La Société Française D'Epargnes.

1. Mortgagees who prove their debt in the bankruptcy proceedings. against the mortgagor become creditors of his general estate only for the balance of the debt after deducting the value of the mortgaged property, to be ascertained by agreement, sale, or in such other manner as the bankrupt court may direct.

2. Mortgagees may, pursuant to leave of that court, institute a suit against the bankrupt in another court for the foreclosure of his equity of redemption and the sale of the mortgaged premises.

3. An assignee in bankruptcy is not required to take measures for the sale of the mortgaged property of the bankrupt, unless its value exceeds the incumbrance.

Error to the Supreme Court of the State of California.

On the 18th of June, 1870, John McHenry, being indebted to a society known as La Société Française D'Épargnes in the sum of $14,000, made his promissory note for that amount, payable twelve months after date, and secured its payment by a mortgage on certain property in the city of San Francisco, in the execution of which his wife did not join. McHenry was, March 20, 1872, duly adjudicated a bankrupt in the District Court of the United States for the District of California, and on the 14th of June following the society proved its debt before the register. Aug. 15, 1872, proceedings in foreclosure were commenced by the society in the District Court of the nineteenth judicial district of the State of California against the assignee in bankruptcy, McHenry, his wife and other parties claiming interests in the property. The assignee made no defence. McHenry and wife demurred, and, among other grounds, set up the bankruptcy proceedings and the absence of leave of the bankrupt court to commence the suit. Oct. 4, 1872, application was made to the latter court for such leave ; and, tne assignee having so consented in open court, the order was

granted, provided that in said action no judgment for any deficiency be taken against the bankrupt or his assignee. The cause was then, notwithstanding certain special defences of the wife, prosecuted to a decree, which made no provision for enforcing the payment of any sum that might remain due after the sale of the mortgaged premises. McHenry and wife appealed to the Supreme Court of the State, where the decree below was affirmed. The case was then brought here.

*Mr. Thomas J. Durant* for the plaintiffs in error.
*Mr. Edmond L. Goold*, contra.

Mr. Chief Justice Waite delivered the opinion of the court.

In *Claflin* v. *Houseman*, 93 U. S. 130, we decided that, under the law as it stood previous to the adoption of the Revised Statutes, the courts of the United States did not have exclusive jurisdiction of suits for the settlement of conflicting claims to property belonging to the estate of a bankrupt, and that an assignee in bankruptcy might sue in a State court to collect the assets. In *Mays* v. *Fritton*, 20 Wall. 414, we also held, that if an assignee in bankruptcy submitted himself to the jurisdiction of a State court in a suit affecting the estate which was pending when the proceedings in bankruptcy were commenced, he was bound by any judgment that might be rendered. And in *Eyster* v. *Gaff*, 91 U. S. 525, Mr. Justice Miller, speaking for the court, said : —

" The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of his rights by the bankruptcy of his adversary. The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions. If it has for certain classes of actions conferred jurisdiction for the benefit of the assignee in the Circuit and District Courts of the United States, it is concurrent, and does not divest that of the State courts."

The principles upon which those cases rest are decisive of this. The complainant, having a debt against the bankrupt secured by mortgage, proved the claim against the estate.

This, under sect. 20 of the bankrupt law, 14 Stat. 526, Rev. Stat., sect. 5075, admitted the complainant as a creditor of the general estate only for the balance of the debt after deducting the value of the mortgaged property, to be ascertained by agreement, sale, or in such other manner as the bankrupt court might direct. The assignee is not required to take measures for the sale of mortgaged property, unless its value is greater than the incumbrance. His duties relate chiefly to unsecured creditors, and he need not trouble himself about incumbered property, unless something may be realized out of it on their account, or unless it becomes necessary to do so in order to ascertain the rights of the secured creditor in the general estate. If he does. and it becomes necessary to adjust the liens before his sale, he may, under the ruling in *Claflin* v. *Houseman*, institute the necessary proceedings for that purpose in the courts of the United States, or of the State, as he chooses. If he does not, the secured creditor who wishes to make his security available must act; and, having obtained leave of the bankrupt court to bring his action for that purpose, he may proceed in the State court, if the assignee does not object, or in the courts of the United States, at his election. Here the necessary leave to sue was obtained before the decree was rendered, and the assignee, instead of objecting to the jurisdiction of the State court, consented to that mode of proceeding. The bankrupt and his wife alone objected; but as to them, as we held in *Eyster* v. *Gaff*, the jurisdiction of the State court was not divested by the proceedings in bankruptcy.

*Judgment affirmed.*