## Case No. 9,554.

### In re MILLER.

[The case reported under above title in 17 N. B. R. 402, and 26 Pittsb. Leg. J. 8, is the same as Case No. 9,401.]

====

## Case No. 9,555.

### In re MILLER.

### Ex parte MONSON SAVINGS BANK.

[19 N. B. R. 78; 19 Alb. Law J. 40; 26 Pittsb. Leg. J. 175.] [1]

District Court, D. Massachusetts. Jan. 3, 1879.

BANKRUPTCY — SECURED DEBT — MORTGAGE—SALE THEREUNDER—PROVING BALANCE DUE.

The creditor bank held a mortgage for eight thousand dollars given by the bankrupt and one S. M. upon land owned by them in equal shares. After the bankrupt had been adjudicated and an assignee appointed, the bank, without notice to the assignee or leave of court, sold the mortgaged premises at auction for one thousand dollars and claimed to prove for the balance of the debt. It was afterwards agreed by the parties that the value of the land was six thousand dollars, and that the sale had been made "without any thought of the effect it might have upon the balance of their claim in bankruptcy." *Held*, that no sufficient equitable excuse was given for the failure to comply with the law in disposing of the security, and that the creditor could not prove for any sum whatever.

The Monson Savings Bank held a mortgage, given by Francis Miller, the bankrupt, and S. H. Miller, of land, in Springfield, owned by them in equal shares, to secure their joint note for eight thousand dollars and interest. After F. Miller had been adjudged bankrupt, and after the appointment of his assignee, the bank sold the land by auction, in pursuance of a power in the deed, without notice to the assignee, or actual knowledge on his part, or leave of court, and it was bought by one Holmes, who was the highest bidder, for one thousand dollars. Giving credit for this amount against the debt and interest, and certain taxes and other charges, there remained an excess of debt amounting to seven thousand seven hundred and eighty-one dollars and twenty-six cents, for which the bank offered proof. After the court had in-

timated that proof could not be allowed on that state of facts, the parties further agreed that the value of the land was six thousand dollars, and that the sale was made by the bank "without any thought of the effect it might have upon the balance of their claim in bankruptcy." The question was then argued, whether the bank could prove for any sum, and what.

M. P. Knowlton, for Savings Bank.
G. Wells, for assignee.

LOWELL, District Judge. The practice of courts of bankruptcy, adopted in its substantial features by our statute (section 5075), requires a secured creditor, if he intends to prove for any excess of his debt above the value of the security, to have that value ascertained either by agreement with the assignees or under the direction of the court. In England the creditor may, in order to prove at the first meeting, put his own value on the security, but at the risk of accounting for all that he obtains above that value, with no corresponding right to have credit for any deficiency; which leads, I suppose, to a settlement with the assignees, in the first instance, in all doubtful cases.

The reason of the rule is well shown by this case. It is, that the assignee may take care that the property brings its full value. Here the sale produced exactly one-sixth of the admitted value; and it will not readily be believed that this result was not purposely brought about for the benefit of the mortgagees, and that they have not retained the actual control of the property, hoping for a large dividend besides.

The decisions follow the statute, and reject proof of any part of a debt when the creditor has failed to take the steps required by law. In re Herrick [Case No. 6,421]; McHenry v. La Société Française [95 U. S. 58]. Our statute is so explicit that decisions are not needed. In bankruptcy there is, in my opinion, some equitable latitude; and if a case should arise in which some forms had been neglected, through mistake of fact, and possibly under some circumstances under one of law, and complete justice could be done, I think the court might permit proof for the proper sum. Lee v. Franklin Savings Bank [Case No. 8,188]. But I do not look upon this as such a case. The parties have agreed that the bank had "no thought" of the effect of their action upon the proof; but this is not enough. They may have known that their action was irregular, though they did not consider the consequences. If they had been ignorant of the bankruptcy, or of the appointment of an assignee, they might well ask to have their mistake corrected. The agreement finds no such state of facts. They acted in a way that was not only irregular, but unfair between man and man, in not giving the assignee notice of the sale.

That the bank was a secured creditor in

the sense of the statute, was not denied. It held the joint note of two persons, not alleged to be partners, and a mortgage upon land which the promissors held in common. There is no evidence that there was any relation of principal and surety between the debtors. If the petitioners claim to prove in full against the estate of one of those persons, they must, of course, give credit for the whole amount of the security, and if they restrict their proof to one-half of the debt, they must account for half the security. Richardson v. Wyman, 4 Gray, 553. It may be doubtful whether, in England, there could be proof at all against the estate of one joint debtor, while the other remained solvent. The general theory of administration there has been that the solvent debtor is to pay, and then make such proof as the whole equities will give him.

I do not doubt, however, that the practice here has been to admit full proof against one joint debtor, if the debt was unsecured, or the security was properly dealt with.

This debt was secured, and no sufficient equitable excuse has been given for the failure of the creditor to comply with the law in disposing of the security. Proof rejected.