WILLIAM YOUNG v. ISAAC M. CARDWELL et al.

PLEADINGS AND PRACTICE. *Bankrupt. Appeal.* A bankrupt, who has filed his petition in bankruptcy and received his discharge pending a suit against him for the foreclosure of a deed of trust, and pleaded his discharge, is entitled to appeal from a final decree which fails to notice his plea, and gives a judgment against him for the complainant's demand.

FROM SMITH.

Appeal from the Chancery Court at Carthage. W. G. CROWLEY, Ch.

E. L. GARDENHIRE for complainant.

A. A. SWOPE and J. J. TURNER for defendants.

COOPER, J., delivered the opinion of the court.

The complainant has moved to dismiss the writ of error and appeal in this case, upon the ground that the record shows that Isaac M. Cardwell, the appellant, was, pending the litigation in the court below, discharged in bankruptcy on his own petition.

The bill was filed by complainant as a creditor of Cardwell, to enforce the execution of a deed of trust made by Cardwell on May 29, 1866, to secure the complainant's debt, in which a tract of land with some personal property was embraced. On the 15th of

May, 1873, the defendant filed his petition in bankruptcy, and on September 10, 1873, received his discharge from all provable debts existing at the date of his application. On April 23, 1874, he filed a plea in this cause, relying upon his discharge in bankruptcy. On March 1, 1876, the cause was heard and a decree was rendered ascertaining the complainant's debt, and ordering the land in the trust deed mentioned to be sold in satisfaction thereof. One clause of this decree is in these words: "The court also decrees that complainant recover of the defendant, Isaac M. Cardwell, said sum of $771.27 and the costs of this suit." A transcript of this record seems to have been filed in this court on the 8th of January, 1877, together with a petition for writs of error and supersedeas, by Cardwell. The record does not show any grant of the writs or any bond or pauper oath filed according to law in such cases. And a writ of error would not lie in such case: *Hume* v. *Commercial Bank*, 1 Lea, 222.

The land in controversy was sold under the decree and the decree was confirmed, exceptions filed by Cardwell to the report of the master being overruled. From this decree Cardwell prayed an appeal, which was perfected by his taking the oath prescribed for poor persons.

If the chancellor's decree on the merits had declared the defendant's plea of discharge in bankruptcy good, and given no decree against him for the complainant's debt, the presumption that the property in controversy passed, by operation of law, to the assignee in bank-

Young *v.* Cardwell.

ruptcy, no exception being claimed or shown, would perhaps have deprived the bankrupt of any interest in the property, and left in him nothing upon which to vest a right to appeal: *Walker* v. *Stacey*, 2 Baxt., 433; *Deaderick* v. *Armour*, 10 Hum., 598. The decree fails, however, to notice the. plea, and does undertake to give a judgment in favor of the complainant and against the defendant for the debt. And although the recovery is perhaps extinguished by the sale, yet the satisfaction might hereafter be set aside. The decisions of the Supreme Court of the United States are, that an assignee in bankruptcy *pendente lite* is like any other assignee. He may assert his rights by proper proceedings, but if he fails to do so, the suit proceeds as if there had been no bankruptcy: *Doe* v. *Childress*, 21 Wall., 642; *Eyster* v. *Goff*, 91 U. S., 521; *McHenry* v. *La Societe*, 95 U. S., 58; *Gates* v. *Goodloe*, 101 U. S., 613.

Motion refused.