### In re STEWART.

(District Court, E. D. Louisiana. February 27, 1912.)

No. 1,541.

1. BANKRUPTCY (§§ 188, 254*)—BANKRUPT'S TRUSTEE—PROPERTY SUBJECT TO LIENS.

A bankrupt's trustee is not bound to administer any property of the bankrupt on which there is a lien, but he is bound to carry out the bankrupt's valid contracts made in good faith and not in fraud of his general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 188, 254.*]

2. BANKRUPTCY (§ 151*)—ASSETS—MORTGAGED PROPERTY.

A bankrupt's trustee, on receiving property of a bankrupt subject to a valid mortgage, has no greater rights with reference thereto than the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 193; Dec. Dig. § 151.*]

3. BANKRUPTCY (§ 262*)—MORTGAGED PROPERTY—SALE.

Where mortgaged property of a bankrupt passes to his trustee, the mortgagee should attend the first meeting of creditors and there present his objections to a sale of the property, and the trustee should cite the mortgagee and give him an opportunity to present such objections before attempting to sell the property free from the lien.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 262.*]

4. BANKRUPTCY (§ 268*)—MORTGAGES—SALE OF PROPERTY—APPRAISEMENT.

Where a mortgage on property of a bankrupt stipulated for a sale without appraisement in the event of foreclosure, and the property was sold to the mortgagee in bankruptcy proceedings for less than the mortgage debt, he could not be compelled to pay the cost of appraisement and for a keeper employed without his knowledge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 268.*]

5. BANKRUPTCY (§ 368*)—MORTGAGED PROPERTY—SALE—TRUSTEE'S FEES.

Where mortgaged property of a bankrupt is sold in bankruptcy proceedings for less than the mortgage debt, the trustee cannot recover fees to the prejudice of the mortgagee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 368.*]

6. BANKRUPTCY (§ 223*)—MORTGAGED PROPERTY—SALE—REFEREE'S FEES.

Where mortgaged property of a bankrupt is sold in bankruptcy proceedings to the mortgagee for less than the mortgage debt, no fees can be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

allowed to the referee either out of the fund or as a charge against the mortgagee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 888–894; Dec. Dig. § 223.*]

**7. BANKRUPTCY (§ 268*)—MORTGAGED PROPERTY—SALE—COSTS.**

Since a mortgage can only be foreclosed in Louisiana by judicial proceedings, where mortgaged property of a bankrupt was sold in bankruptcy proceedings to the mortgagee for less than the mortgage debt, the mortgagee was bound to contribute to the general fund an amount sufficient to pay for the cost of advertising the property for sale at the legal rate fixed for judicial advertising in that state, and in addition an amount equal to what the sheriff would have charged for selling the property, and any other actual costs of the court incident to the sale thereof, as distinguished from the costs of administration of the general bankruptcy estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 268.*]

**8. BANKRUPTCY (§ 267*)—ADMINISTRATION OF ESTATE—SALE OF MORTGAGED PROPERTY—COSTS.**

Under Bankruptcy Rule 14, par. 4, of the bankruptcy courts sitting in Louisiana, providing that property burdened with liens or mortgages cannot be sold by the trustee except by express authorization of creditors, and when so directed to be sold it may be presumed that the sale is for the benefit of the general fund, where mortgaged property was sold by a bankrupt's trustee to the mortgagee for less than the mortgage debt, the fees allowed, together with any other costs, such as appraisers' and keeper's fees, if necessary and proper, should be charged against such fund.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 267.*]

In the matter of bankruptcy proceedings of Henry G. Stewart. Application by mortgagee, after having purchased the property at a sale by a trustee, to compel a transfer of the title. Granted.

Claude L. Johnson, for trustee.

F. Rivers Richardson, for mortgage creditor.

FOSTER, District Judge. **[1-3]** In this case I previously had occasion to consider the application of John T. Whittaker, a creditor holding a mortgage on certain real estate, surrendered by the bankrupt, for leave to foreclose his mortgage in the state court, and the application was dismissed with leave to renew, for the reasons filed on May 9, 1911, to wit:

In this matter it appears that the bankrupt surrendered among his assets certain real estate, burdened with a mortgage of $11,000, represented by five promissory notes, each for $2,200, payable respectively in one to five years. The act of mortgage contains the pactum de non alienando and all the clauses usual to mortgages in Louisiana, including the stipulation that default on one of the notes shall mature the others remaining unpaid. The first note fell due, and remained unpaid, at the time of the adjudication in bankruptcy.

It appears the trustee was directed by the first meeting of creditors to sell all of the real estate of the bankrupt, and the piece in question was duly appraised and is now being advertised for sale by an auctioneer. John T. Whittaker, holder of the mortgage notes, was sent the usual notice, but did not attend the first meeting of creditors. It also appears by the testimony before me that the mortgaged property will probably not sell for more than the amount of the mortgage.

It may be considered well settled that the trustee is not bound to administer any property of the bankrupt on which there is a lien, and that he is bound to carry out the valid contracts of the bankrupt made in good faith

and not in fraud of his general creditors. In this case the ownership of the property passed to the trustee, but he necessarily has no greater rights than the original owner. The bankrupt could not have sold the property to the prejudice of the mortgage, and prior to the adjudication the holder of the notes might have foreclosed in the state court.

One of the chief objects of the bankruptcy law is to secure the prompt and economical distribution of the bankrupt's estate, and it is clear that if this is to be accomplished all of the creditors should co-operate. The mortgage creditor should have attended the first meeting of creditors and there presented his objections to the sale of the mortgaged property. Had he done so, the trustee might not have been directed to sell it. And so, too, the trustee should have cited. the mortgage holder and given him his day in court before attempting to sell the property free of his lien. By mutual co-operation the advertisement of the property that has been made might have been avoided; but, as the matter has gone so far, I am not disposed to interfere with the sale, but, of course, no adjudication of the property can be made unless it brings enough to cover the amount due the holder of the mortgage notes under his contract.

The custody of the property is undoubtedly in this court; but I can see no good reason, and indeed comity would require it, why consent should not be given to permit the foreclosure of the mortgage in the state-court, if the trustee is unable to sell.

The rule will be dismissed, reserving to the plaintiff the right to renew his application, and the trustee will be directed to make no adjudication unless the property brings enough to pay to the mortgage holder all that is due him under his contract, without deduction for any costs of administration in bankruptcy.

It appears, however, that after the decision with regard to the former rule the trustee and mortgage holder entered into an agreement as to the sale of the property, by the terms of which the mortgage creditor agreed to bid on the property up to the amount of his mortgage, and, if adjudicated to him, to deposit an amount to cover the cost of making the sale; and the trustee agreed to waive the fees of himself and the referee. In due course the property was sold and adjudicated to the mortgage holder for the sum of $10,500, and he thereupon deposited the sum of $258 to cover the auctioneer's charges at 2 per cent. and the cost of advertisement. Thereafter, by order of the referee, the trustee declined to transfer the property until an additional amount to cover the fees of the referee and appraisers and charges for a keeper should be deposited. The mortgage holder has therefore made application for an order on the trustee to compel him to transfer the property to him, and, in the alternative, for a refund of the amount deposited and leave to foreclose his mortgage in the state court.

Some difference of opinion having arisen between the parties and their counsel as to the actual facts concerning the agreement made, the matter was referred to a special master to hear the evidence and report his conclusions of fact and law thereon. The matter is now before me on exceptions to his report.

The master found that the above-mentioned agreement was entered into, but that the referee was not a party, and it was the act of the trustee without the authority of court; that the mortgage creditor had availed himself of the bankruptcy court; and that he should pay the commission of the referee and the fees of the appraisers and the charges of the keeper.

The agreement between the mortgage creditor and the trustee, not having received the sanction of the referee, must be disregarded in so far as it pretends to waive the referee's fees; but the sale and adjudication made pursuant thereto may be confirmed, if it is not inequitable to do so.

[4] It appears that the mortgage in this case, as is usual in Louisiana, stipulates for a sale without appraisement in the event of foreclosure. Therefore the services of the appraisers could not have been of any benefit to the mortgage holder, and any fees paid them cannot be taxed against him. With regard to the keeper's charges, they were not authorized by the mortgage creditor, and the keeper was put in charge of the premises without his knowledge or consent and apparently without notice to him of the necessity for such action. This charge must therefore be considered to have been incurred for the benefit of the general creditors, and the mortgage creditor cannot be taxed with it.

[5] The trustee seems by his agreement to have waived any fees that he might have been entitled to; but, whether he had done so or not, he could not be allowed same out of the proceeds of the mortgaged property to the prejudice of the mortgage holder. The trustee's fees are not fixed. Their allowance is always within the discretion of the court, and when allowed it is on the theory that his services have been of value to the general estate.

[6] The fees of the referee, however, are fixed by law. They are very meager and inadequate, in view of the high duties he is called upon to discharge, and I would be very loath to hold that he is not entitled to them, in preference to all other charges, in any case where there are sufficient funds to pay them. The weight of authority, however, is clearly to the effect that the lienholder should not be prejudiced in his lien by the allowance of fees or costs out of the fund derived from the sale of incumbered property.

[7] In jurisdictions where the mortgagee or a trustee would have the authority to enter upon the incumbered property and sell it without recourse to judicial proceedings, even the referee's fees have been denied. But in Louisiana, in order to enforce the collection of a mortgage, it is necessary in all cases to foreclose by judicial proceedings, and therefore, if leave be granted the mortgage holder in this case to foreclose in the state court, he will be obliged to expend some part of his fund in order to obtain relief, and the bankrupt estate will be uselessly depleted by the payment of the charges already incurred. It seems to me, therefore, but just and equitable that he should contribute to the general fund an amount sufficient to pay for the cost of advertising the property for sale, at the legal rate fixed for judicial advertisements in Louisiana, and in addition to that an amount equal to the commission the sheriff would charge for selling the property, and any other actual costs of this court, incident to the sale of the property as clearly distinguished from the costs of administration of the general bankruptcy estate. This would, of course, include any fees due the referee for meetings or other services in connection with the sale, but not his commission of 1 per cent. on the amount thereof.

[8] Under the rules of this court, property burdened with liens or mortgages cannot be sold by the trustee except by the express authorization of the creditors (see rule 14, par. 4), and, when they so direct the trustee, it may be presumed that the sale is for the benefit of the general fund. Therefore the referee's and trustee's fees, if the latter is allowed any, together with any other costs, such as appraisers' fees and keeper's fees, when necessary and proper, should be charged against this fund. In this case it appears that the mortgage creditor has already advanced the sum of $258, but he ought to supplement this by such an amount as is necessary in view of the foregoing remarks. The trustee will be directed to make title upon his doing so.