## In re ELMORE COTTON MILLS.

(District Court, S. D. Alabama, N. D.    September 11, 1914.)

No. 1230.

1. BANKRUPTCY (§ 474*)—MORTGAGED PROPERTY—SALE—RIGHTS OF MORT-
   GAGEE—EXPENSES.
   Where mortgaged property of a bankrupt was operated for a time by
   the bankrupt's receiver without the procurement or consent of the mort-
   gagee, and was then sold for less than the mortgage debt, no part of the
   expenses incurred in operating the property, nor any fees or compensa-
   tion or costs of administering the general bankruptcy estate, could be
   charged against the proceeds of the sale to the prejudice of the mortgagee.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884;
   Dec. Dig. § 474.*]

2. BANKRUPTCY (§ 474*)—MORTGAGES—FORECLOSURE—COSTS AND EXPENSES.
   Where a mortgagee of a bankrupt's property by written agreement au-
   thorized the trustee as her attorney in fact to sell the mortgaged prop-
   erty at public sale under the order of the referee, the proceeds were sub-
   ject to deduction for the expenses of advertising and a reasonable allow-
   ance for services of the trustee in making the sale.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884;
   Dec. Dig. § 474.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the El-
more Cotton Mills. Petition to review findings and order of the ref-
eree allowing the claim of the Robertson Banking Company and
awarding compensation to the receiver and trustee. Remanded for
further findings.

See, also, 217 Fed. 810.

George Pegram, of Faunsdale, Ala., for petitioner.
Pettus, Fuller & Lapsley, of Selma, Ala., for Robertson Banking Co.
Henry McDaniel, of Demopolis, Ala., for trustee.

TOULMIN, District Judge. [1] On petition of Mrs. Marshall E.
Chamberlain for review of the findings and order of referee, W. K.
Campbell, in allowance of the claim of Robertson Banking Company,
and also of the findings and order of allowance of compensation to L.
C. Lowe, as receiver and trustee of said bankrupt estate.

"It has been held in a number of cases that mortgaged property cannot be
charged with the expenses of its sale or the fees of the referee and trustee
in bankruptcy." In re Zehner (D. C.) 193 Fed. 790. Authorities cited: In re
Utt et al., 105 Fed. 754, 45 C. C. A. 32 (Circuit Court of Appeals, Seventh
Circuit) ; In re Williams, 156 Fed. 939, 84 C. C. A. 434 (Circuit Court of Ap-
peals, Ninth Circuit).
   "Where mortgaged property of a bankrupt is sold in bankruptcy proceedings
* * * for less than the mortgage debt," neither the trustee nor the referee
can be allowed any fees, "either out of the fund or as a charge against the
mortgagee," to the prejudice of the mortgagee. In re Stewart (D. C.) 193
Fed. 791, 792; In re Harralson, 179 Fed. 490, 103 C. C. A. 70, 29 L. R. A.
(N. S.) 737 (Circuit Court of Appeals, Eighth Circuit).

In this case the mortgagee Chamberlain had no interest in the opera-
tion of the cotton mill. It was not done by her procurement, or with

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

her consent, and no part of the expense of the same can be charged to the fund derived from the sale of the mortgaged property. It was presumably in the interest of, and for the benefit of the general creditors of the bankrupt. The petitioning creditors in bankruptcy procured the order authorizing the receiver to operate the cotton mill, with a limitation to such operation contained in the order. His possession and operation of the cotton mill, if at all as receiver, appears to have been so brief that it is not of sufficient importance to consider. It appears in the record that the trustee soon had possession of the cotton mill, and proceeded at once to operate it, but it does not appear by whose authority. Under the facts of this case as shown in the record, it is too well settled for controversy that no part of the expenses in operating the cotton mill can be charged to the proceeds of the sale of the mortgaged property.

[2] And it is well settled, as a matter of law, that the trustee and the referee are not entitled to, and cannot recover any fees or compensation, or costs of administration of the *general* bankruptcy estate. However, inasmuch as the mortgagees have, by agreement in writing, authorized the trustee, and as their attorney in fact, to sell the mortgaged property at public sale and under the order of the referee, and expenses in advertising said sale and the services of the trustee in attending to the same, have been thereby incurred, I think it just and equitable that the costs of advertising the sale made under said agreement, with reasonable compensation to the trustee for his services in the premises, should be allowed out of the proceeds of the sale. The court may require these expenses to be paid.

The referee has in his custody or under his control $17,000, the proceeds of the sale of the mortgaged property. In order that the court may render a full and proper decree on this review of the record in the case it is necessary that it should have information of certain facts, namely, the amount of taxes due and payable on the property for sale under the agreement; the amount of taxes due and payable on the property at the time of its sale; the amount of the claim of Davis & Furber Machine Company, a prior lien claim and agreed to by the mortgagees, and the data on which "the maximum percentage fixed by the acts" to the trustee, and the amount thereon allowed by the referee. The referee is directed to furnish this information as early as practicable.

Where a referee's findings are not sufficiently definite to enable the court, on a petition for review, to determine the legal questions involved, the proceeding will be remanded to the referee for the additional facts required. In re Hawley Down Draft Furnace Co. (D. C.) 214 Fed. 500.

The judge in the case of In re Zehner, supra, in his opinion, suggests that:

"In Louisiana the mortgage creditor would have to regularly foreclose by proceedings in court, and therefore it would seem just and equitable that the mortgaged property should contribute a portion of the law charges and the expense of sale, not exceeding the amount the mortgagee would be forced to expend in foreclosure proceedings in the state courts."

There is no such law in Alabama as that above referred to in Louisiana, but when the mortgage holders, as in this case, had the right to enter upon the property and sell it without resorting to judicial proceedings, no such law as cited is obligatory.

The other case in the United States District Court above referred to is In re Stewart, 193 Fed. 791. Decisions in both cases by the same judge.