## In re RICHARDSON.
### No. 3614.

District Court, E. D. Louisiana.
Aug. 1, 1930.

Lemle, Moreno & Lemle and Chas. A. O'Niell, Jr., all of New Orleans, La., for General Motors Acceptance Corporation.

Jas. J. Cullinane, trustee, of New Orleans, La., in pro. per.

BORAH, District Judge.

This matter is before the court on the petition of the General Motors Acceptance Corporation for review of the referee's order of November 19, 1929, and is submitted on the following agreed statement of facts:

At the time of adjudication the bankrupt owned no property other than a certain automobile. The General Motors Acceptance Corporation holds a note secured by a valid vendor's lien and chattel mortgage on the automobile on which the sum of $210 is due and unpaid. Proof of claim was duly filed. The automobile was sold by the trustee at public auction pursuant to an order of Hon. E. J. Thilborger, referee. The General Motors Acceptance Corporation did not oppose the sale. The automobile was adjudicated to the company for $249. Thereafter, the trustee filed his final account in which he proposed to distribute the money received from the sale as follows, to wit:

| | |
|---|---|
| E. J. Thilborger, Referee | $ 58.52 |
| A. Hewit, Stenographer | 20.00 |
| J. J. Cullinane, Trustee | 14.94 |
| Albert J. Paul, Auctioneer | 33.40 |
| J. J. Cullinane, Appraiser | 5.00 |
| M. C. Oakes, Appraiser | 5.00 |
| B. P. Landry | 6.00 |
| General Motors Acceptance Corporation | 106.14 |
| Total | $249.00 |

It also appears that due notice of the filing of the final account was given to all creditors and there was no opposition filed thereto; the General Motors Acceptance Corporation not being then represented by counsel. In due course the account was approved and homologated by the referee, and the trustee was ordered to distribute the funds in accordance therewith. Upon being apprised of these facts the General Motors Acceptance Corporation filed a petition for a review of the referee's order, alleging that it was error for the referee to order the fees of the appraisers and the general costs of administration to be charged against the fund received from the sale of the automobile on which it held a mortgage. Thus the sole question here presented for determination is whether or not all of the costs of administration should be charged against the fund received from the sale of the automobile, there being no other funds available for the payment of those costs. If there could be any doubt as to how this issue should be decided, it is put at rest in the case of Gugel v. New Orleans National Bank, 239 F. 676, 679, decided by the Circuit Court of Appeals for this the Fifth Circuit, wherein the court said: "It does not follow that the trustee is never entitled to compensation, where he sells mortgaged property, and where the property sells for no more than enough to pay the liens on it. If there is a real or apparent equity in the property for the estate, and so reasonable grounds for administering it in bankruptcy, the lienholder should be charged with the reasonable costs of such proceedings in the bankruptcy court as are appropriate to foreclosing the lien and selling the incumbered property, but not with the commissions and expenses of the officers of the bankruptcy court incurred in the general administration of the estate in bankruptcy, from which the lienholders receive no benefit. This was the holding of the Court of Appeals for the Ninth Circuit in the case of In re Williams' Estate, 156 F. 934, 84 C. C. A. 434, and we think it is the rule that should prevail under the amendment of June 25, 1910, as well as under the original act of 1898." See, also, In re Zehner (D. C.) 193 F. 787; In re Cutler & John (D. C.) 228 F. 771, 774.

It is conceded that, had the mortgage been foreclosed in the civil district court, the costs would have amounted to $44; and that the civil sheriff would have deducted those costs from the total amount received and turned over to petitioner the balance or $205. That is decisive of the amount petitioner should receive. My conclusion is that the General

Motors Acceptance Corporation should be placed on the trustee's account for $205 and the trustee's account and referee's order homologating it should be amended accordingly.